MARION TEACHERS ASSOCIATION and William C. Fields ... Indiana Education Employment Relations Board, Appellants (Defendants Below),

v.

BOARD OF SCHOOL TRUSTEES OF MARION COMMUNITY SCHOOL CORPORATION, Appellee (Plaintiff Below).

No. 27S02–9507–CV–798.

Supreme Court of Indiana.

Nov. 27, 1996.

Richard J. Darko, Mary Jane Lapointe, Indianapolis, for Appellants Marion Teachers Ass'n and William C. Fields.

Pamela Carter, Attorney General of Indiana, Beth H. Henkel, Deputy Attorney General, Indianapolis, for Appellants Indiana Education Employment Relations Board.

Steven R. Crist, Marilyn R. Holscher, Munster, for Appellees Board of School Trustees of Marion Community School Corp.

Lisa F. Tanselle, David J. Emmert, Indianapolis, for Amicus Curiae, Indiana School Boards Ass'n.

SHEPARD, Chief Justice.

The Court of Appeals held in this case that when a school board uses its textbook advisory committee as the sole vehicle for discussing the matter of textbooks with its teachers union, the union is entitled to select all the teacher representatives on the textbook committee. We agree.

In 1990 the Marion Community School Corporation established subcommittees to research and review the adoption of new social

studies textbooks. The information gathered by these subcommittees was to be submitted to a steering committee, organized by the superintendent pursuant to Ind.Code Ann. § 20–10.1–9–21 (West 1995). The steering committee consisted of fifteen teachers, twelve parents and eight school administrators. It was responsible for making the final recommendation to the School Board regarding textbook selection. Only the teachers and the parents on the committee could vote. The School Board appointed three of the teachers and allowed the Marion Teachers Association to appoint the other twelve.

■ The Association filed an unfair labor practice complaint with the Indiana Education Employment Relations Board ("IEERB"), alleging that the Association should have the exclusive right to appoint all the teachers on the steering committee, not just some of them. The Association based its claim on Ind.Code § 20–7.5–1–5 (a)(3)(West 1995), which requires school corporations to "discuss [textbook selection] with the exclusive representative of certificated employees. . . ." The Code defines "discuss" as "the performance of the mutual obligation of the school corporation through its superintendent and the exclusive representative to meet at reasonable times to discuss, to provide meaningful input, to exchange points of view, with respect to [Section 5 matters]. . . ." Ind.Code Ann. § 20–7.5–1–2(o) (West 1995). This language contemplates representation of the teachers by their exclusive representative, and not by individual teachers acting in their own capacity.

The IEERB Hearing Examiner rejected the Association's unfair labor practice claim. The IEERB accepted it, however, and ordered the School Corporation to allow the Association the opportunity to appoint all member teachers who serve on "committees that are the sole instrumentalities in the drafting and proposal of discussible matters," (R. at 242), including the selection of textbooks. The IEERB reasoned,

The exclusive representative represents all of the teachers in the bargaining unit. The bargaining unit teachers discuss, and bargain, through the duly elected or recognized (because of majority support) exclusive representative. . . .

The exclusive representative may not select the school board's bargaining team or discussion team, not even one person. Neither can the school employer select the exclusive representative's bargaining or discussion team, not even one person. The right and duty to discuss are vested in the school employer (through the superintendent) and the exclusive representative. . . . For this reason we hold that all bargaining unit members appointed to a sole instrumentality committee * for discussion between the board and exclusive representative must be appointed by the exclusive representative. How else can the exclusive representative avoid freelancing by teachers not so appointed and represent the whole bargaining unit's interests?

(R. at 101, IEERB Trans. at 287.)

The School Board sought judicial review, and the Grant Circuit Court set aside the IEERB's decision in favor of the Association. The Court of Appeals subsequently reversed the trial court's decision and ordered the IEERB's decision reinstated. *Marion Teachers v. Board of Sch. Trustees*, 643 N.E.2d 370 (Ind.Ct.App.1994). We granted transfer.

We agree with the Court of Appeals. If the Association is to conduct effective discussions with the school administration on matters discussible under § 20–7.5–1–5, it must be able to appoint all those responsible for representing its members' views. The School Board cannot bring non-Association teacher voices into a sole instrumentality committee where management meets labor across the table, effectively appointing both sides of the debate on a § 20–7.5–1–5 issue. This "deck stacking," as recognized by the

---

* In *Evansville–Vanderburgh Sch. Corp. v. Roberts*, 273 Ind. 449, 405 N.E.2d 895 (1980), we developed the term "sole instrumentality" to refer to a committee that *exclusively* performs section 20–7.5–1–5's "discussion" requirements. Both parties in this action agree with the steering com-

mittee was the only forum for the School Board and the Association to discuss the issue of textbooks, thus making it the "sole instrumentality" for satisfying Ind.Code § 20–7.5–1–5(a)(3). *See id.* at 458–59, 405 N.E.2d at 902.

Court of Appeals, *id.* at 374, undermines the Association's ability "to provide meaningful input" and to articulate its point of view, as required by Indiana Code § 20–7.5–1–2(*o*). Those in the discussion committee representing the teachers' exclusive representative are entitled to management's undivided attention to its opinions and views during statutorily mandated "discussion" time. They should not have to compete in "discussion" time with views not representative of the majority of the membership.

As counsel for the Association has pointed out, a school board need not use its textbook advisory committee as the sole instrumentality by which it conducts textbook discussions with its union. Where the labor/management discussion occurs in another forum, he pointed out, the school board would not be obliged to cede to the union the right to appoint teacher members of the textbook advisory committee. Here, because the steering committee was the only forum available for discussion, the IEERB was correct to require that the Association appoint all the teacher members.

Accordingly, we summarily affirm the decision of the Court of Appeals. Ind.Appellate Rule 11(B)(3). We direct the trial court to reinstate the IEERB's decision and order.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.